**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

FRANCISCO BERMUDEZ,
AURORA DELGADILLO,

        Plaintiffs,

v.

AFR ENVIRONMENTAL CORPORATION,
ACON INDUSTRIAL CORPORATION,
ADESH RAMROOP,

        Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

      Plaintiffs, FRANCISCO BERMUDEZ and AURORA DELGADILLO, bring this action against Defendants, AFR ENVIRONMENTAL CORPORATION, ACON INDUSTRIAL CORPORATION, and ADESH RAMROOP, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs FRANCISCO BERMUDEZ and AURORA DELGADILLO were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through their work on instrumentalities of commerce including an airport.

4. At all times material hereto, Defendant, AFR ENVIRONMENTAL CORPORATION, was a Florida corporation with its principal place of business in South Florida, engaged in commerce

1

in the field of restoration services, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5.   At all times material hereto, Defendant, ACON INDUSTRIAL CORPORATION, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of restoration services, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6.   Defendants, AFR ENVIRONMENTAL CORPORATION and ACON INDUSTRIAL CORPORATION, are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

7.   Defendants, AFR ENVIRONMENTAL CORPORATION and ACON INDUSTRIAL CORPORATION, were joint employers of Plaintiffs FRANCISCO BERMUDEZ and AURORA DELGADILLO under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

8.   Defendant, ADESH RAMROOP, is a resident of Broward County, Florida and was, and now is, the managing agent, director and owner of Defendant, AFR ENVIRONMENTAL CORPORATION; said Defendant acted and acts directly in the interests of Defendant, AFR ENVIRONMENTAL CORPORATION, in relation to said co-Defendant's employees. Defendant effectively dominates AFR ENVIRONMENTAL CORPORATION administratively and otherwise acts, or has the power to act, on behalf of the corporation relative to its employees and had the

authority to direct and control the work of others. Thus, ADESH RAMROOP was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

9. Defendant, ADESH RAMROOP, was, and now is, the managing agent, director and/or owner of Defendant, ACON INDUSTRIAL CORPORATION; said Defendant acted and acts directly in the interests of Defendant, ACON INDUSTRIAL CORPORATION, in relation to said co-Defendant's employees. Defendant effectively dominates ACON INDUSTRIAL CORPORATION administratively and otherwise acts, or has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others. Thus, ADESH RAMROOP was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

10. Defendant, ADESH RAMROOP, signed company checks that compensated Plaintiffs.

11. In justifiable reliance upon Defendants' representations and promises, Plaintiff FRANCISCO BERMUDEZ accepted employment and began working for Defendants as a laborer.

12. In justifiable reliance upon Defendants' representations and promises, Plaintiff AURORA DELGADILLO accepted employment and began working for Defendants as a laborer.

13. Defendants failed to pay Plaintiffs the full and proper overtime wages of 1.5 times Plaintiffs' regular hourly rates for all hours worked over 40 each week.

14. Plaintiffs have attached Statements of Claims as Exhibit A and Exhibit B to provide initial estimates of the damages. These amounts may change as Plaintiffs engage in the discovery process.

15. Defendants have knowingly and willfully refused to pay Plaintiffs their legally-entitled wages.

16. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

17. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

18. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-17 above as if set forth herein in full.

19. Plaintiffs alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216(b), that Plaintiffs are entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

20. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791